## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE, NORTHERN DIVISION
## AT GREENVILLE

LARRY EUGENE PUCKETT and      *
JANIE L. TARBOX,      *
     *
    Plaintiffs,      *    No. 2:17-cv-190
     *
v.      *
     *
SADDLE CREEK CORPORATION, INC. d/b/a    *
SADDLE CREEK TRANSPORTATION and    *
ANTHONY G. THOMPSON,      *
     *
    Defendants.      *

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Saddle Creek Corporation, Inc. d/b/a Saddle Creek Transportation (hereinafter "Saddle Creek"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby files this Notice of Removal of the above-described action to the United States District Court for the Eastern District of Tennessee, at Greenville from the Circuit Court for Cocke County, Tennessee where the action is now pending and states as follows:

1.    This cause of action if being removed pursuant to 28 U.S.C. § 1446(b)(1). Saddle Creek was served with the Complaint September 18, 2017. Thus, removal is hereby timely filed.

2.    This cause of action is a civil action for damages arising out of injuries allegedly sustained in an automobile accident in Cocke County, Tennessee. The United States District Court for the Eastern District of Tennessee at Greeneville has jurisdiction by reason of the diversity of citizenship of the parties.

3.    At the time of the commencement of this action in state court, and since that time,

the Plaintiff Larry Puckett is a citizen and resident of Jonesville, South Carolina. (<u>Exhibit A</u>).

4.     At the time of the commencement of this action in state court, and since that time, the Plaintiff Janie L. Tarbox resides in Newberry, South Carolina. (<u>Exhibit A</u>).

5.     Defendant Anthony Gilbert Thompson resides in Concord, North Carolina. (<u>Exhibit A</u>).

6.     Defendant Saddle Creek is a corporation organized under the laws of Florida and his its principle place of business in Florida. (<u>Exhibit A</u>). Therefore, this suit is between citizens of different states as required by 28 U.S.C. § 1332(a).

7.     Plaintiffs' description of damages makes it more likely than not that the matter in dispute exceeds $75,000, exclusive of interests and costs. *Gafford v. General Elec. Co*., 997 F.2d 150, 158 (6th Cir. 1993) ("[W]here the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, . . . the defendant must prove, 'more likely than not,' that the plaintiff's claims meet [it].) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). In other words, "the minimum amount in controversy is satisfied if a 'fair reading' of the plaintiff's complaint makes it more likely than not that the damages exceed $75,000." *Giffin v. Runyons*, No. 11-146-ART, 2011 U.S. Dist. LEXIS 122092, at *7 (E.D. K.Y. Oct. 21, 2011) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001)).

8.     In the context of personal injury cases, courts have found that facial values of more than $75,000 exist when the Plaintiff sustained serious injuries.  *See Kusmich v. J. C. Penney Corp.*, No. 5:05CV1586, 2005 U.S. Dist. LEXIS 18415 (N.D. Ohio Aug. 29, 2005); *See also, Luckett v. Delta Airline, Inc*. 171 F.3d  295, 298 (5th Cir. 1999)(finding a complaint alleged damages greater than $75,000 when the Plaintiff suffered alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering,

2

humiliation and temporary inability to do housework after the hospitalization). The Court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleading to determine whether it is facially apparent that a case is removable." *Northop Props, Inc. v. Chesapeake Appalachian, LLC,* 567 F.3d 767, 770-71 (6th Cir. 2009).

9.    Plaintiffs' Complaint alleges Mr. Puckett, while outside of his vehicle on the shoulder of the interstate, was "violently sideswiped" and "struck in the body and head and was knocked unconscious" by a semi-tractor trailer. (Exhibit A at 2 ¶ 7, 4 [sic]). Mr. Puckett was allegedly "airlifted" and "treated for injuries and admitted to the hospital overnight." (Exhibit A at 2 ¶ 4 [sic]). The amount in dispute based upon Mr. Puckett's claims alone is, more likely than not, in excess of $75,000.

10.    In addition, Ms. Tarbox's car was "totaled in the crash." (Exhibit A at 2 ¶ 7 [sic]). Even if Ms. Tarbox's claims alone do not meet the amount in controversy, they derive from the same common nucleus of operative fact as Mr. Puckett's injuries. 28. U.S.C. § 1367.

11.    These damages could easily be calculated, but Plaintiffs have not provided information necessary to do so. However, it is more likely than not that, based solely on the general description of damages provided by Plaintiffs in the Complaint, the matter in dispute exceeds $75,000, exclusive of interests and costs. Accordingly, the amount in controversy requirement is satisfied in this case.

12.    Therefore, the United States District Court for the Eastern District of Tennessee at Greeneville has jurisdiction over both Plaintiffs' claims.

13.    A copy of all pleadings and Orders served upon Saddle Creek is filed with this Notice and attached hereto as Exhibit A.

14.    Saddle Creek will give written notice of the filing of this Notice as required by 28

U.S.C. § 1446(d).

15.     A copy of this Notice will be filed with the Clerk of the Circuit Court of Cocke County, Tennessee as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Saddle Creek requests that this action proceed in this Court as an action properly removed to it.

Dated this the 18th day of October, 2017.

Respectfully submitted,

**CARR ALLISON**

By: ___/s/ Sean W. Martin_____
        **SEAN W. MARTIN, BPR #020870**
        **A. GRACE VAN DYKE, BPR #35667**
        Attorney for Defendant
        651 E. 4th Street, Suite 100
        Chattanooga, TN 37403
        (423) 648-9832 / (205) 822-2057 FAX
        swmartin@carrallison.com
        gvandyke@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2017 I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Travis Hawkins, Esq.
The Hawkins Law Firm, PLLC
340 21st Ave. N.
Nashville, TN 37203

**CARR ALLISON**

By: ___/s/ Sean W. Martin_____
        **SEAN W. MARTIN, BPR #020870**
        **A. GRACE VAN DYKE, BPR #35667**
        Attorneys for Defendant
        651 E. 4th Street, Suite 100
        Chattanooga, TN 37403
        (423) 648-9832 / (205) 822-2057 FAX
        swmartin@carrallison.com
        gvandyke@carrallison.com

4